**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1066
_____

JUSTIN J. ROBERTSON,
Appellant

v.

ROBERT GILMORE, Superintendent at SCI Greene; TRACEY SHAWLEY, Sup.
Assistant/Grievance Coordinator; ROBERT VALLEY, Former, Medical Director;
MICHAEL HICE, Wexford Administrator; DR. ARTHUR M. SANTOS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-01338)
Magistrate Judge:  Honorable Cynthia R. Eddy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 12, 2021
Before:  CHAGARES, PHIPPS, and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  March 17, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Justin Robertson, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his civil rights complaint.[1] We will affirm the judgment of the District Court.

I.

In August 2018, Robertson, who is incarcerated at State Correctional Institution Greene ("SCI Greene"), initiated a lawsuit in state court pursuant to 42 U.S.C. § 1983 alleging that various prison personnel violated his Eighth Amendment right to receive adequate medical care. The case was removed to federal court, and Robertson filed an amended complaint. The amended complaint named as defendants the superintendent of SCI Greene (Defendant Gilmore), a grievance coordinator (Defendant Shawley), the prison's former medical director (Defendant Valley), a doctor who treated Robertson (Defendant Santos), and an administrator for the medical service provider that contracts with SCI Greene (Defendant Hice).

Robertson alleged that on May 24, 2016, he saw Defendant Santos about a severe pain in his left shoulder that was causing numbness in his arm and disrupting his sleep. The doctor prescribed Robertson a muscle relaxer. On June 30, Robertson returned, complaining that the pain had gotten worse. Santos prescribed a different muscle relaxer and ordered an x-ray. On July 12, Robertson again returned, explaining that the drug was not working. Santos prescribed a medication to help Robertson sleep. Later that month,

---

[1] A Magistrate Judge conducted the proceedings with the consent of the parties.

Robertson had an x-ray and began prescribed physical therapy. On August 9, the physical therapist told Robertson that he believed his pain was coming from a swollen disc near his spinal cord, but that an MRI would be needed to be sure.

On August 30, Robertson again saw Santos, with Hice present. He explained that the physical therapy was making his pain worse and requested pain medication. He also told them what the physical therapist had said about a swollen disc and requested an MRI. Santos told Robertson that his x-ray appeared normal and that an MRI was not needed. Robertson alleged that Hice said that the physical therapist's recommendation "doesn't matter" because he is not a doctor. See Am. Complaint, ECF No. 45 at 7. Robertson was denied pain medication and told to purchase Motrin from the commissary. He filed a grievance that same day, in which he reported that the two defendants "became very hostile stating [their] diagnosis is all that counts," and that he was "kicked out of the office." See ECF No. 45-1 at 1.

Robertson was then temporarily transferred to Dauphin County Prison for a reason unrelated to the claims in this case. There, he was seen by medical staff and referred to a specialist at Hershey Medical Center. The specialist told Robertson that he believed he had a collapsed disc, and that he suspected surgery was necessary, but that an MRI was needed to confirm the diagnosis. Robertson was returned to SCI Greene on January 12, 2017, before the MRI could be completed. He alleged that, upon his return, he informed Defendant Valley via request slip that he needed an MRI but received no response. He

3

also told other SCI Greene medical staff about his need for an MRI during a sick call visit. Robertson's family tried to contact Valley multiple times, but no action was taken. His family called Hershey Medical Center and got the hospital to send his records to SCI Greene.

On February 9, 2017, Robertson was informed that he was scheduled for an MRI.[2] However, he alleged that the SCI Greene medical staff ordered the wrong MRI, and it was rescheduled for July 14, 2017. The MRI was performed on the rescheduled date. Robertson had surgery on August 2, 2017. He asserts that the defendants' delayed treatment caused him permanent nerve and muscle damage. Robertson Br. at 15.

The defendants moved to dismiss Robertson's amended complaint for failure to state a claim. On October 2, 2019, the District Court granted the defendants' motions, concluding (1) that Robertson had failed to allege that Gilmore or Shawley were liable under § 1983 because they lacked personal involvement in Robertson's medical treatment; (2) that Robertson had failed to state an Eighth Amendment claim against Valley, Santos, or Hice; and (3) that further amendment of Robertson's complaint would be futile. After the District Court denied his motion pursuant to Federal Rule of Civil Procedure 60(b),[3] Robertson appealed.

---

[2] In his amended complaint, Robertson did not state who ordered the MRI, who informed him that he was scheduled for an MRI, or when the MRI was originally meant to take place.

[3] We will not review this ruling because Robertson does not challenge it on appeal. See

4

## II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal of Robertson's complaint. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). We construe all allegations in the light most favorable to the plaintiff. Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). Additionally, we may affirm on any ground supported by the record. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 469 (3d Cir. 2015).

## III.

Robertson argues that the District Court erred in concluding that he failed to state a § 1983 claim against Defendants Gilmore, Shawley, and Valley because he did not allege their personal involvement as required under Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3rd Cir. 1988). We disagree. Non-medical prison officials cannot "be charge[d] with the Eighth Amendment scienter requirement of deliberate indifference" when the "prisoner is under the care of medical experts." Pearson v. Prison Health Serv., 850 F.3d 526, 543 (3d Cir. 2017) (quoting Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004)).

In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (holding that arguments not raised in an appellant's opening brief are forfeited). The Rule 60(b) motion was filed within 28 days of when the District Court's order dismissing Robertson's complaint was entered, thus bringing up the underlying case for review. See Fed. R. App. P. 4(a)(4)(A)(vi).

5

Here, Robertson pleaded that he was under the care of medical professionals for the duration of the alleged events. And although "[a] high-ranking prison official can expose an inmate to danger by failing to correct serious known deficiencies in the provision of medical care to the inmate population," Barkes v. First Corr. Med., Inc., 766 F.3d 307, 324 (3d Cir. 2014), reversed on other grounds by Taylor v. Barkes, 575 U.S. 822 (2015), Robertson did not identify a supervisory policy, practice, or custom that caused him harm, see Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989). Thus, the District Court was correct to dismiss Robertson's claims as to Defendants Gilmore, Shawley, and Valley.[4]

We also disagree with Robertson's argument that the District Court erred in dismissing his complaint as to Defendants Santos and Hice. To succeed on an Eighth Amendment medical needs claim, an inmate must demonstrate (1) that the defendants showed "deliberate indifference" to his medical needs, and (2) that those needs were "serious." Pearson, 850 F.3d at 534. Here, the parties do not dispute that Robertson

---

[4] Although Defendant Valley was the medical director of SCI Greene during the alleged events, he was a "high-ranking prison official," see Barkes, 766 F.3d at 324, and Robertson was not under his direct care, see Spruill, 372 F.3d at 236; see also Rode, 845 F.2d at 1208 (concluding that an administrator reviewing an inmate grievance does not rise to the level of "personal involvement" necessary to allege a § 1983 claim). Besides, Robertson failed to allege that Valley exhibited "a mental state of deliberate indifference" toward him. See Spruill, 372 F.3d at 237. Robertson stated that he notified Valley of his need for an MRI after he returned to SCI Greene on January 12, 2017. Although Robertson alleged that Valley never responded to his or his family's attempts to contact him, Robertson was scheduled for an MRI on February 9, 2017, less than one month after Valley became aware of Robertson's medical needs.

alleged a serious medical need, and we agree that a collapsed spinal disc that requires surgical treatment is, without question, "serious." See Atkinson v. Taylor, 316 F.3d 257, 266 (3d Cir. 2003) (explaining that a medical need is "serious if it has been diagnosed by a physician as requiring treatment").

However, Robertson failed to allege sufficient facts to show that Defendants Santos and Hice acted with deliberate indifference. Although Robertson pleaded that the defendants' treatment choices resulted in undue pain and permanent nerve and muscle damage, he was not denied medical care. On the contrary, Robertson alleged that he received continuous care from the defendants. Where, as here, a prisoner does not allege the total denial of medical care but that the medical care he received was inadequate, there are two questions we ask when assessing deliberate indifference: (1) whether the care the prisoner received was, in fact, inadequate, and (2) whether the defendants possessed the requisite state of mind in delivering the care. Pearson, 850 F.3d. at 535–36.

Robertson's claim fails on the second prong. Regardless of whether he received inadequate care, he failed to allege that Defendants Santos and Hice showed more than negligence or medical malpractice in making their treatment decisions. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate indifference."). While Robertson alleged that his care was delayed, he failed to plead that the delay was "deliberate" or for "non-medical reasons." See Durmer v. O'Carroll, 991

7

F.2d 64, 68–69 (3d. Cir. 1993).  Rather, he alleged that the defendants refused his initial requests for pain medication and an MRI for medical reasons, e.g., on the basis of their examination of him and Robertson's normal-looking x-ray.  See Pearson, 850 F.3d at 538 (explaining that we are disinclined to second-guess medical professionals' expertise).  And Robertson's allegations that Santos and Hice disparaged his physical therapist's opinion and were hostile toward him do not rise to the level of intentional maliciousness or wantonness required to state a violation of the Eighth Amendment.  See Spruill, 372 F.3d at 237.  Thus, we conclude that Robertson failed to allege sufficient facts to survive Santos' and Hice's motions to dismiss.

## IV.

Accordingly, we will affirm the judgment of the District Court.